[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in Stamford, Connecticut, on March 18, 1989. The plaintiff has resided continuously in this state for the last ten years. There is one child issue of the parties, Erica, born April 23, 1991. The parties filed a written stipulation agreeing that their marriage has irretrievably broken down, and the court so finds. Judgment may enter dissolving the marriage on that ground.
The plaintiff is forty years of age and in good health. She has an associate degree in nursing, a masters's degree in psychiatric nursing and has completed one year toward a Ph.D. degree at Yale University. She is self-employed as a nurse psychotherapist.
The defendant is fifty-two years of age and in good health. He completed his college education and one year of graduate school education. He is employed as a banker in Long Island.
From the evidence presented, the court finds that each party must bear some responsibility for the breakdown of this marriage. The court declines to assess fault to only one of them.
The court has carefully considered the statutory criteria set forth in Connecticut General Statutes, 46b-81, 46b-82, 46b-84,46b-56 and 46b-62 in reaching the decisions reflected in the orders CT Page 4838 that follow.
The following orders may enter:
1. Custody
The parties shall share joint legal custody of the minor child, Erica. The primary residence of the child shall be with the plaintiff mother. The child shall reside with the defendant father on not less than the following schedule:
1. Every week from Tuesday at 6:30 p. m. to Wednesday morning;
2. Alternate weekends, beginning the first weekend after the date of this memorandum, from Friday at 6:30 p. m. to Sunday at 6:30 p. m.;
3. The other alternating weekend, beginning the second weekend after the date of this memorandum, from Friday at 6:30 p. m. to Saturday at 12:00 noon;
4. For the year 1993, ten days of vacation time, consisting of two blocks of five days each; commencing in 1994, the vacation time shall increase to 21 days, with no period exceeding seven consecutive days;
5. Unless the parties agree otherwise, they will alternate the Christmas holiday with the defendant in 1993 spending Christmas Eve at noon through Christmas Day at noon with Erica, and the plaintiff spending the rest of Christmas with the child. In 1994, the defendant shall celebrate Christmas with Erica from noon on Christmas day until December 26 at noon;
6. From 6:30 p. m on the day before the following holidays until the morning after said holidays: Martin Luther King Day, President's Day, Columbus Day, Veteran's Day and Father's Day;
7. The following holidays, in alternate years, from 6:30 p. m. on the day before said holidays until the morning after said holidays: Easter, Memorial Day, Independence Day, Labor Day and Thanksgiving Day.
The court believes the defendant's representations that he wants to play an important and meaningful part in his daughter's CT Page 4839 life. The court is hopeful that the parties can agree on an expansion of the time the defendant spends with the child in the future as she grows older. If they are unable to so agree, the court will be available to consider the issue, if requested.
2. Alimony
The defendant shall pay to the plaintiff as periodic alimony the sum of $200.00 per week. The payments shall commence the week of May 16, 1993 and continue until the death of either party, the plaintiff's remarriage or the expiration of two years from the date of the first payment, whichever first occurs.
3. Child Support
The defendant shall pay to the plaintiff as child support the sum of $275.00 per week. The payments shall commence the week of May 16, 1993 and continue until the child's death, emancipation or her reaching her majority, whichever first occurs.
This award deviates from the presumptive minimum payment scheduled on the child support guidelines. The court believes it is appropriate to order a deviation based on the defendant's prior debt obligations, the alimony award and the property division.
A contingent wage withholding order may enter.
4. Division of Assets
a. The plaintiff shall quit-claim to the defendant her interest in the marital residence at 455 Hope Street, Stamford, Connecticut, subject to any outstanding encumbrances. The defendant shall indemnify and hold harmless the plaintiff from any liability on said encumbrances. The plaintiff shall release the lis pendens filed by her on the Stamford Land Records.
b. The defendant shall transfer to the plaintiff the sum of $50,000.00 by way of Qualified Domestic Relations Order against the defendant's Profit Sharing and 401K Plan. The court reserves jurisdiction to resolve any problems that may result from the execution of this order. The remainder of the Profit Sharing and 401K Plan shall be the property of the defendant.
c. The defendant shall retain all bank accounts in his name, his pension with First National Bank of Long Island, his pension CT Page 4840 with Chase Manhattan Bank, the settlement proceeds from his pending litigation with European-American Bank and his stock and stock options in First National Bank of Long Island Corporation.
d. The plaintiff shall retain her bank accounts, her IRA, her annuity and her pension with St. Raphael's Hospital, her accounts receivables, and her interest in the Roton Point Beach Club.
e. The defendant shall transfer to the plaintiff the title to the 1989 Saab automobile, subject to the outstanding loan, which shall be the responsibility of the plaintiff.
f. Personal property shall be divided by agreement. The court reserves jurisdiction to resolve any matters arising that cannot be agreed upon by the parties.
5. Debts
a. Each party shall be solely responsible for the debts set forth on her/his financial affidavit.
b. Each party shall pay her/his own counsel fees.
c. The court finds that the defendant owes the plaintiff arrearage on alimony and child support in the amount of $1,900.00. The defendant shall promptly discharge this obligation.
d. The defendant shall promptly file with his medical insurance carrier the $1,500.00 in bills incurred in behalf of the minor child. The defendant shall turn over to the plaintiff all payments received from the insurance carrier. The court reserves jurisdiction to resolve any outstanding problems in reference to this issue.
e. The court approves the fees requested by counsel for the minor child. Said fees of $9,591.00 shall be paid by the parties as follows: the defendant shall pay the sum of $7,000.00, and the plaintiff shall pay the balance of $2,591.00.
6. Medical Insurance
a. The defendant shall maintain medical insurance coverage for the minor child. The parties shall share equally any unreimbursed or uninsured medical expenses for the child. CT Page 4841
b. Section 46b-84(c) of the Connecticut General Statutes shall apply.
7. Life Insurance
The defendant shall maintain life insurance in the face amount of $250,000.00 payable to his minor child Erica, for as long as he is obligated to pay child support.
8. Miscellaneous
a. For the year 1992, the plaintiff is awarded the income tax exemption for the minor child. Commencing calendar year 1993, the defendant is awarded this exemption.
b. The plaintiff's maiden name of DeLisser is ordered restored.
Judgment may enter accordingly.
NOVACK, J.